Louis Mack, p. a.
vs.                    No. 68104
Anton Zagrodney

August 24, 1927.

CARPENTER, J.   This action was brought by the plaintiff, a minor, a boy aged twelve years, to recover for injuries received by reason of an automobile collision which took place in the City of Woonsocket on the 4th day of May, 1926, at the intersection of Fairmount Street and Third Avenue. The collision occurred between the defendant's car and another car owned and driven by one Avila Bergeron.

The case was tried before a jury at the May, 1927, session of the Superior Court in Woonsocket, at which time the jury returned a verdict for the plaintiff for the sum of $12,500. Thereupon, within due time, the defendant moved for a new trial, alleging the following grounds:

1. That said verdict is contrary to the evidence and the weight thereof.

2. That said verdict is contrary to the law.

3. That said verdict is against the law and evidence and weight thereof.

4. That the amount of damages awarded by said verdict is excessive.

5. That said defendant has discovered new and material evidence in said case which he had not discovered at the time of the trial thereof, and which he could not with reasonable diligence have discovered at any time previous to the trial of said case, as by affidavits to be filed in court will be fully set forth, said affidavits being made a part of this motion.

Apparently the defendant abandoned the fifth ground, as no affidavits were filed in court or brought to the attention of the court. Said motion was heard in July, 1927.

It appeared from the evidence that the defendant, who was a resident of Taunton, Massachusetts, was visiting in Woonsocket, and while in Woonsocket he drove up Fairmount Street in a westerly direction; that as he approached the intersection of Fairmount Street and Third Avenue, Bergeron's car was approaching Fairmount Street, going in a southerly direction along Third Avenue, and as a result Bergeron's car was tipped over on to the sidewalk on the westerly side of Third Avenue, where it knocked down the plaintiff and fell upon him. As a result of the boy's injuries it was necessary to amputate one leg.

The evidence was conflicting as to how the accident took place, but the Court believes that the jury, in finding for the plaintiff, were justified in finding that the collision occurred because of the negligence of the defendant. The defendant in his argument laid considerable stress on the amount of damage that the jury awarded the plaintiff, but the Court feels that the sum of $12,500.00 is not excessive when the result of the injury is considered. Therefore, the Court feels that substantial justice has been done and hereby affirms the verdict of the jury. Motion for a new trial denied.

For plaintiff: John R. Higgins.

For defendant: Louis W. Dunn.